**U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
F I L E D
December 03, 2007
Clerk, U.S. Bankruptcy Court**

**Below is an Opinion of the Court.**

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case |
| | ) No. 06-30047-rld7 |
| TORRIE RAY KELLETT, | ) |
| | ) |
| Debtor. | ) |
| _____) | |
| | ) |
| In Re: | ) Bankruptcy Case |
| | ) No. 07-31645-tmb7 |
| STEVEN DOUGLAS CORBIN, | ) |
| | ) MEMORANDUM OPINION |
| Debtor. | ) |
| _____) | |

These cases both were filed initially as chapter 13[1] cases but have been converted on the debtors' (collectively, "Debtors") respective motions to chapter 7. The cases are before me on the Debtors' Motions to Strike Requirement to File Official Form B22A in Conversion from Chapter

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated as of October 17, 2005, the effective date of most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23.

Page 1 - MEMORANDUM OPINION

13 to Chapter 7 ("Motions"). As the legal issues raised in the Motions are the same, they are addressed together in this Memorandum Opinion. While the Motions request general relief from any requirement for debtors to file Official Form B22A ("Form B22A") in cases converted from chapter 13 to chapter 7, I consider the Motions as each incorporating a request that the Debtors in these particular cases be excused from any requirement to file Form B22A, whatever I hold to be appropriate generally.

The Motions present issues that appear to be fairly limited and straightforward at face, but as with virtually all issues that have arisen in relation to interpretation of BAPCPA provisions, there is more to these matters than at first meets the eye. For the reasons stated below, I deny the Debtors' Motions to strike the general requirement to file Form B22A in cases converted from chapter 13 to chapter 7, but I grant the Motions to the extent of not requiring the Debtors in these particular cases to file Forms B22A.

### Factual Background

The following facts have been stipulated to between the Debtors and the United States Trustee ("UST") and/or are reflected on the dockets with respect to the cases before me, of which I take judicial notice.

In re Kellett, Case No. 06-30047-rld7:

Torrie Ray Kellett ("Kellett") filed a voluntary chapter 13 petition in the bankruptcy court for the District of Oregon on January 11, 2006. Kellett's chapter 13 plan was confirmed by order of the court on March 20, 2006. Kellett moved to convert his case to chapter 7 on June 26, 2007. The court ordered the case converted to

Page 2 - MEMORANDUM OPINION

chapter 7 the same day. The § 341(a) meeting in Kellett's chapter 7 case was held on August 2, 2007. The chapter 7 trustee filed a "no asset" report, or report of no distribution on August 7, 2007. The UST did not file a statement of presumed abuse within the ten (10) days following the § 341(a) meeting, as allowed under § 704(b). Kellett cooperated with the UST in providing documents requested by the UST in order to evaluate Kellett's 2006 income and the current earnings of Kellett and his non-filing spouse. The deadlines in Kellett's chapter 7 case for filing a complaint to object to discharge and for filing a motion to dismiss pursuant to § 707(b) expired on October 1, 2007. No party in interest filed such a complaint or motion.

<u>In re Corbin</u>, Case No. 07-31645-tmb7:

Steve Douglas Corbin ("Corbin") filed a voluntary chapter 13 petition in the bankruptcy court for the District of Oregon on April 27, 2007. Corbin did not confirm a plan in chapter 13. Corbin moved to convert his case to chapter 7 on June 25, 2007. Again, the court ordered the case converted to chapter 7 on the same day. The § 341(a) meeting in Corbin's chapter 7 case was held on August 2, 2007. The UST's attorney attended the § 341(a) meeting and asked Corbin questions regarding his circumstances. The chapter 7 trustee filed a "no asset" report, or report of no distribution on August 7, 2007. On August 13, 2007, the UST filed a statement pursuant to § 704(b)(1)(A) that Corbin's chapter 7 case should be presumed to be an abuse under § 707(b). Corbin cooperated with the UST in providing documents requested by the UST in order to evaluate Corbin's child support modification, certain bank transactions, bonuses and other compensation received by Corbin within the period of six months

Page 3 - MEMORANDUM OPINION

preceding his bankruptcy filing, and information regarding Corbin's current earnings.  On September 11, 2007, the UST issued a statement indicating that a motion to dismiss under § 707(b) was not appropriate in light of Corbin's financial circumstances.  The deadlines in Corbin's chapter 7 case for filing a complaint to object to discharge and for filing a motion to dismiss pursuant to § 707(b) expired on October 1, 2007.  No party in interest filed such a complaint or motion.

## Jurisdiction

I have jurisdiction to consider and rule on the Motions as "core" matters under 28 U.S.C. §§ 1334 and 157(b)(2)(O).

## Discussion

These cases were filed after the BAPCPA effective date.  Accordingly, the Debtors are subject to the "means test" provisions of the Bankruptcy Code, as amended.  Under § 521(a)(1)(B)(v), chapter 7 debtors are required to file a statement of their "monthly net income, itemized to show how the amount is calculated."  This requirement is refined in two provisions of FRBP 1007(b).  FRBP 1007(b)(1)(B) requires a debtor, except in chapter 9 cases, to file "a schedule of current income and expenditures"--the familiar pre-BAPCPA Schedules I and J.  FRBP 1007(b)(4) further requires, with an exception for disabled veterans, that,

> an individual debtor in a chapter 7 case with primarily consumer debts shall file a statement of current monthly income prepared as prescribed by the appropriate Official Form, and, if the debtor has current monthly income greater than the applicable median family income for the applicable state and household size, the calculations in accordance with § 707(b), prepared as prescribed by the appropriate Official Form.

Page 4 - MEMORANDUM OPINION

The required Official Form in chapter 7 cases is Form B22A (Official Form No. 22A).

FRBP 1007(b)(6) requires chapter 13 debtors to file a statement of current monthly income with "a calculation of disposable income in accordance with § 1325(b)(3), prepared as prescribed by the appropriate Official Form." The required Official Form in chapter 13 cases is Form B22C (Official Form No. 22C).

Form B22A and Form B22C differ in a number of respects. For example,

> joint debtors may complete a single Form B22C, but each joint debtor must complete a separate Form B22A; spousal income is treated differently in Form B22A and B22C; disabled veterans are permitted an exclusion in Form B22A, but not in Form B22C; Chapter 13 debtors may deduct administrative costs of the Chapter 13 case in Form B22C, Part IV, Line 33, but may not [deduct chapter 7 administrative costs] in Form B22A, Part V (see Line 28); and a debtor whose income is equal to the median income is treated differently for purposes of Section 1325(b)(4) in Form B22C, Part II, Line 17 (debtor with income equal to [or greater than] median must propose five-year plan) than a debtor with the same income for purposes of Section 707(b)(7) in Form B22A, Part III, Line 15 (presumption of abuse does not apply to debtor whose income is equal to the median income).

In re Kerr, 2007 WL 2119291 at *5 (Bankr. W.D. Wash. July 18, 2007). Each of the Debtors filed a Form B22C in his chapter 13 case.

1. <u>Arguments as to why § 707(b) does not apply in converted cases</u>

The Debtors argue that they are not required to file Forms B22A in their converted cases because they are not subject to a further "means test" under § 707(b). Specifically, they rely on the language of § 707(b)(1), which states that "the court, on its own motion or on a

Page 5 - MEMORANDUM OPINION

motion by the [UST], trustee..., or any party in interest, may dismiss <u>a case filed by an individual debtor under this chapter whose debts are primarily consumer debts</u>...if it finds that the granting of relief would be an abuse of this chapter...." (emphasis added). They point out that their cases were <u>converted to</u>, but not <u>filed</u> in chapter 7. Thus, the "means test" provisions of § 707(b) are not triggered, and any requirement(s) of the FRBPs or local bankruptcy rules that the Debtors file Forms B22A in their converted cases are precluded as inconsistent with the provisions of the Bankruptcy Code itself.

The Debtors rely substantially on the bankruptcy court's decision in <u>In re Fox</u>, 370 B.R. 639 (Bankr. D.N.J. 2007), where the same legal issues were raised. In <u>Fox</u>, the bankruptcy court began its analysis with a review of statutory language, focusing on §§ 707(b), 348(a) and (b), and 342(d). Noting that "[t]he Supreme Court has instructed that, 'when the statute's language is plain, the sole function of the court--at least where the disposition required by the text is not absurd--is to enforce it according to its terms'" (<u>citing</u> <u>Lamie v. U.S. Trustee</u>, 540 U.S. 526, 533 (2004)), the bankruptcy court in <u>Fox</u> found nothing ambiguous in Congress's use of the phrase "filed...under this chapter" in § 707(b)(1) and determined that § 707(b) did not apply to cases <u>converted</u> from another chapter. <u>Id.</u> at 642-43. The <u>Fox</u> court found particularly compelling that, although the remedies in a chapter 7 case found to be an abuse specifically encompass dismissal or <u>conversion</u> to chapter 13 or 11, reflecting that the drafters had conversions in mind, § 707(b) only references cases filed under chapter 7, when the simple addition of the words "or converted to" chapter 7 would have

Page 6 - MEMORANDUM OPINION

covered converted cases. Id. at 643, 646.

The Fox court found additional support for its interpretation of the language of § 707(b) in §§ 348(a) and (b). Section 348(a) provides that conversion of a bankruptcy case from one chapter to another "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." Section 348(b) provides that "unless the court orders otherwise," the "order for relief under this chapter" in a converted case means "the conversion of such case to such chapter." In effect, § 348(a) provides that conversion does not commence a new bankruptcy case, but § 348(b) provides that a conversion generally effects an "order for relief" in the new chapter. If Congress had intended § 707(b) to apply to cases converted to chapter 7, another way to make that intention clear would have been to reference the entry of "an order for relief" rather than filing under chapter 7. Id. at 646.

In addition, as noted by the Fox court, § 342(d) provides that, "[i]n a case under chapter 7 of this title in which the debtor is an individual and in which the presumption of abuse arises under section 707(b), the clerk shall give written notice to all creditors <u>not later than 10 days after the date of the filing of the petition</u> that the presumption of abuse has arisen." (emphasis added). Unless a case is converted immediately from another chapter to chapter 7, such a notice will hardly ever be sent within ten days after the <u>filing date</u> in a converted case. Id. at 645.

Beyond the statutory interpretation arguments stated in Fox, other provisions of the Bankruptcy Code appear to differentiate the

Page 7 - MEMORANDUM OPINION

conversion of a bankruptcy case from its filing. For example, § 1307(a) provides that a debtor may convert a case from chapter 13 to chapter 7 at any time, with the limitation under § 1307(g) that the debtor be eligible for relief under chapter 7. In chapter 11, § 1112(a) provides that a debtor may convert a chapter 11 case to chapter 7 unless:

> (1) the debtor is not a debtor in possession;
> (2) the case originally was commenced as an involuntary case under this chapter; or
> (3) the case was converted to a case under this chapter other than on the debtor's request.

Consistent with § 1307(g), § 1112(f) limits the right of conversion to chapter 11 debtors who are eligible for relief in chapter 7. See G.E. Brunstad, Jr., "The Inapplicability of 'Means Testing' to Cases Converted to Chapter 7," 9 Am. Bankr. Inst. J. 1 (Nov. 2005).

2. Arguments as to why § 707(b) does apply in converted cases

In opposition to the Motions, the UST argues that the Debtors' narrow interpretation of the term "filed" under chapter 7 in § 707(b) is flawed. The UST's statutory construction argument relies upon the importance of interpreting statutory language in context. In interpreting statutes, courts must "consider not only the bare meaning of the critical word or phrase, but also its placement and purpose" in the Bankruptcy Code. Holloway v. United States, 526 U.S. 1, 6 (1999).

> [S]tatutory language cannot be construed in a vacuum. It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.

Davis v. Michigan Dept. of Treas., 489 U.S. 803, 809 (1989) (citing United States v. Morton, 467 U.S. 822, 828 (1984)).

Page 8 - MEMORANDUM OPINION

At the outset, the UST argues that throughout the Bankruptcy Code, provisions addressing the dismissal of a case refer to "a case under this chapter" without differentiating converted cases. See §§ 707(a), 930(a), 1112(b), 1208(b) and (c), and 1307(b) and (c). The addition of the intervening words "by an individual debtor" with the further addition of the phrase "whose debts are primarily consumer debts" in § 707(b) arguably just limits the debtors to whom a finding of "abuse" could apply.

The UST also argues that the Debtors simply interpret "filed" too narrowly. The bankruptcy court in In re Kerr agreed with the UST's position:

> Webster's Dictionary defines "filed" as "to put or keep (e.g., papers) in useful order" or "to enter (e.g., a legal document) on public official record." Webster's II New Riverside University Dictionary 477 (1988). Here, in the simplest sense, the debtors' cases were entered on the Court's docket under Chapter 13 by the filing of petitions in bankruptcy. The cases are now entered on the Court's docket under Chapter 7 as a result of the debtors' filing motions for conversion. While the cases were _filed_ under Chapter 13, they are now _filed_ under Chapter 7. If Congress meant to limit the application of the means test to debtors who initially or originally filed a petition under Chapter 7, that would have been simple to articulate.

In re Kerr, 2007 WL 2119291 at *3. See In re Ybarra, 359 B.R. 702, 705 (Bankr. S.D. Ill. 2007). In a decision exploring the effect of a conversion in a prior case on the debtor's eligibility for discharge in a current case, the bankruptcy court noted in Ybarra:

> While "filing" may denote the act of delivering a document to the court clerk to _begin_ litigation, it applies as well to the delivery of documents for placement in the record _throughout the course_ of litigation. Therefore, use of the term "filed" in

Page 9 - MEMORANDUM OPINION

§ 1328(f) does not, alone, signify that the act of
filing a bankruptcy petition or beginning a case is
necessarily implicit in the phrase "case filed under."
(emphasis in original).

Id.

The Kerr court also disagreed with the Fox court's interpretation of § 348.

As this Court reads Section 348,...the clear intent of
the section is to retain the original filing date as
the date of the "filing of the petition,"
"commencement of the case" or "order for relief"
except in the circumstances provided for in
subsections (b) and (c), where these terms are instead
deemed to refer to the conversion date. Because
Section 707(b) is not mentioned in either subsection
(b) or (c) of Section 348, it follows that the
original filing date is retained upon conversion, but
the case is otherwise treated as if the debtor had
originally filed under the converted chapter.

2007 WL 2119291 at *3.

Section 348(c) provides that § 342 applies in converted cases "as if the conversion order were the order for relief." Nothing in the language of § 348, however, makes clear how the clerk is supposed to send the notice of presumed abuse in a converted case pursuant to § 342(d) "not later than 10 days after the date of the filing of the petition." As noted above, the Fox court emphasized the inconsistency (often, impossibility) of applying that time limitation to notices in a converted case as support for its interpretation that § 707(b) simply does not apply in cases converted to chapter 7. I tend to agree with the Kerr court that it more likely represents merely "sloppy drafting." Id.[2]

---

[2] When the § 341(a) meeting notice is sent by the clerk in a
(continued...)

Page 10 - MEMORANDUM OPINION

The UST generally argues that when the language of § 707(b) is analyzed in the overall context of the BAPCPA amendments to the Bankruptcy Code, Congress did not intend to limit examination of chapter 7 cases for "abuse" solely to cases filed originally in chapter 7. Converted cases are subject to scrutiny for "abuse" as well. However, the abuse analysis is limited to apply solely to cases filed by individual debtors, whose debts are primarily consumer debts. The relief sought is a chapter 7 discharge, and the relief is the same, whether the case was filed originally in chapter 7 or was converted to chapter 7. From the UST's perspective, it does not make sense to be able to assert abuse with respect to a case initiated by a chapter 7 petition, while being denied that right in a converted case.

Interpreting § 707(b) as not applying in converted cases itself opens the door to abuses. A debtor seeking to avoid the chapter 7 "means test" and § 707(b) "abuse" scrutiny could file a petition in chapter 13 and then turn around and convert the case to chapter 7. The bankruptcy court faced just such a situation in In re Perfetto, 361 B.R. 27 (Bankr. D.R.I. 2007). In Perfetto, the debtor filed a petition in chapter 13 on May 30, 2006. Two weeks later, "with no evidence or suggestion of a change of circumstances," she converted her case to chapter 7. Id. at 28-29. When the bankruptcy court issued a notice and order requiring the

---

²(...continued)
chapter 7 case, whether it originally was filed under chapter 7 or was converted to chapter 7, if the debtor has not yet filed a Form B22A, the clerk notes "insufficient information available" to determine if a presumption of abuse applies, with the possibility that the notice may be updated later if more information becomes available.

Page 11 - MEMORANDUM OPINION

debtor to file Form B22A within 15 days, she objected, arguing that filing Form B22A only was required under § 707(b) in cases filed originally under chapter 7 and that it would be a useless act for her to file Form B22A because the Form B22C filed while her case was in chapter 13 established that her income was below the state median. Id. Relying on decisions interpreting §§ 348(a) and 1328(f)(1) to hold that "filed under" refers to the chapter to which a case has been converted, the bankruptcy court in Perfetto interpreted § 707(b), "reading BAPCPA in its entirety regarding means testing," as requiring the debtor to file the Form B22A in her converted chapter 7 case. Id. at 30.

As further support for its position, the UST argues that the phrase "may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts" in § 707(b) is not new to the Bankruptcy Code under BAPCPA, and there are pre-BAPCPA decisions in which the prior "substantial abuse" analysis was applied in converted cases under § 707(b), including a decision from this district. See, e.g., In re Morris, 153 B.R. 559, 563-65 (Bankr. D. Or. 1993) (substantial abuse analysis applied in a case converted to chapter 7 from chapter 13); In re Traub, 140 B.R. 286, 291 (Bankr. D.N. Mex. 1992) (substantial abuse analysis applied in a case converted to chapter 7 from chapter 11). However, the argument that the "filed...under this chapter" language in § 707(b) does not apply to converted cases apparently was not raised in either Morris or Traub. Consequently, their relevance as authorities is limited.

The UST also asserts that § 704(b)(1) expressly requires the UST to determine whether the § 707(b) presumption of abuse arises "with

Page 12 - MEMORANDUM OPINION

respect to a debtor who is an individual in a case under this chapter [7]," without differentiating between cases originally filed in chapter 7 and converted to chapter 7. In light of that requirement, the UST argues that "[t]his statutory scheme only makes sense if <u>every</u> individual Chapter 7 debtor is a potential abuser subject to the strictures of Section 707(b)(2)." (emphasis in original).

3. <u>Evaluating the conflicting arguments</u>

Legitimate points are made on both sides of this argument. However, interpreting the language of § 707(b) "holistically," <u>see</u> <u>United Savings Assn. v. Timbers of Inwood Forest</u>, 484 U.S. 365, 371 (1988), I ultimately am persuaded that the phrase "case filed by an individual debtor under this chapter" does not make appropriate sense viewed in isolation and must be interpreted to encompass cases converted to chapter 7 from other chapters as well as cases filed originally in chapter 7. In light of use of the phrase "case under this chapter" without referring specifically to converted cases in other provisions of the Bankruptcy Code dealing with dismissal, I find that it is not dispositive that § 707(b) does not specifically reference converted cases. Providing for dismissal as a remedy to deal with abuse in individual consumer chapter 7 cases was meant to encompass findings of abuse in cases converted to, as well as initially filed in, chapter 7.

My holding in this regard is consistent with the Supreme Court's decision in <u>Marrama v. Citizens Bank of Massachusetts</u>, 127 S.Ct. 1105 (2007), in which the Supreme Court broadly interpreted the authority of bankruptcy courts "to prevent an abuse of process" under § 105(a) to

Page 13 - MEMORANDUM OPINION

deny a "bad faith" debtor the right to convert his case from chapter 7 to chapter 13 pursuant to § 706(a). If it is appropriate to thwart a conversion from chapter 7 to another chapter of the Bankruptcy Code by an abusive debtor in spite of the clear language of § 706(a) generally allowing such conversions, it seems perversely inappropriate to deny abuse analysis of a debtor's chapter 7 case based upon the mere fact that it was converted to, rather than originally filed in chapter 7.

In making this determination, I am not blind to the fact that § 707(b) and its implementing rules, applied indiscriminately in converted cases, could lead to some unfortunate and incongruous results. For example, what happens if a debtor makes a good faith effort to succeed in chapter 13 but (as happens in many chapter 13 cases) cannot complete the obligations of a confirmed plan? If the case converts to chapter 7, the debtor faces "abuse" scrutiny under § 707(b). If the case is dismissed as an "abuse," the debtor may be left with no realistic remedy in bankruptcy. Or, if the case is reconverted to chapter 13, there is at least the possibility that the debtor could begin cycling through a perpetual "do loop" of failures in chapter 13, followed by brief tenures in chapter 7, followed by further reconversions to chapter 13. The UST argues that in the good faith exercise of discretion in bringing § 707(b) motions to dismiss, such scenarios will not occur. I hope and expect that is the case.

In addition, since § 348(a) provides that conversion "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief," the Form B22A in a converted case is prepared based on the debtor's income averaged over the

Page 14 - MEMORANDUM OPINION

six months preceding the month during which the debtor's original bankruptcy petition was filed. Since a chapter 13 case could convert at any time before completion of the plan, at least some conversions can be contemplated during the last month of the applicable commitment period, which may be in the 60th month after the filing date. It is questionable how meaningful an analysis based on "current monthly income" can be, considering income information that may be more than five years old.

However, if a filed Form B22A raises a presumption of abuse, § 707(b)(2)(B) allows debtors to rebut the presumption with a showing of "special," i.e., changed circumstances. In addition, in appropriate circumstances, I find that the requirement to file a Form B22A in a converted case can be waived. See, e.g., In re Edwards, 367 B.R. 921 (Bankr. S.D. Ga. 2007).

In FRBP 1007(b)(1), the requirement to file a schedule of current income and expenditures can be eliminated, if "the court orders otherwise." The provision for such an order is not included in FRBP 1007(b)(4), which encompasses Form B22A. However, the definition of "current monthly income" in § 101(10A) contemplates that at least in some cases, "the schedule of current income required by section 521(a)(1)(B)(ii)" will not be filed.[3]

---

[3] Section 101(10A) provides that:
The term 'current monthly income'--
    (A) means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month period ending on–

(continued...)

Page 15 - MEMORANDUM OPINION

The UST argues that Form B22A should be required to be filed in every case converted to chapter 7, so that the notice of presumed abuse will be sent by the clerk's office, as required pursuant to § 342(d). However, as previously noted, the clerk's office only notes presumed abuse based on available information and consequently does not provide such notice in all cases.

In addition, as in these cases, the requirement to file Form B22A in a converted case will be waived only based on an order of the court, following the filing of an appropriately noticed motion. As reflected in the stipulated facts stated above, when the Debtors filed the Motions, the UST was alerted to investigate the current financial circumstances of the Debtors in each case and ultimately determined not to pursue an abuse determination as to either of the Debtors. With the deadlines to file either a complaint objecting to discharge or a § 707(b) motion to dismiss having passed in each of the Debtors' cases, no purpose would be served in these cases by requiring the Debtors to file Forms B22A. Therefore, I find it appropriate to waive the requirement that the Debtors file Forms B22A in their respective cases.

## Conclusion

Analyzing the language of § 707(b) in light of other provisions of the Bankruptcy Code and the purposes of the "means test" and "abuse"

---

[3](...continued)
. . .
> (ii) the date on which current income is determined by the court for purposes of this title if the debtor does not file the schedule of current income required by section 521(a)(1)(B)(ii) . . . .

Page 16 - MEMORANDUM OPINION

analysis under BAPCPA, I find that § 707(b) applies in cases converted to chapter 7, as well as in cases originally filed in chapter 7. I find that debtors in such converted cases are generally required to file the Form B22A "Statement of Current Monthly Income and Means Test Calculation (Chapter 7)." Accordingly, I will deny the relief generally requested in the Motions. However, in appropriate cases, the requirement to file Form B22A can be waived, and I find it appropriate in these cases that the Debtors not be required to file Forms B22A.

The UST should file an order consistent with this Memorandum Opinion, approved as to form by counsel for the Debtors, within ten (10) days.

###

cc:	Robert J Vanden Bos
	Ann K. Chapman
	Peter C. McKittrick
	U.S. Trustee

Page 17 - MEMORANDUM OPINION

Case 07-31645-tmb7    Doc 40    Filed 12/03/07